UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ,

Plaintiff,

v.

R&SL d/b/a TOTAL EMPLOYMENT AND MANAGEMENT, and IMPACT STAFFING SOLUTIONS, LLC

Defendants.

CASE NO. C24-5813 BHS

ORDER

THIS MATTER is before the Court on plaintiff EEOC's motion for summary judgment, Dkt. 40.

EEOC asserts and demonstrates that in February 2023, defendant R&SL, d/b/a Total Employment and Management (TEAM), executed a "conciliation agreement" with EEOC to resolve a Title VII discrimination charge filed by a former employee, Angela Cruz. The agreement required the payment of $276,000 to Cruz and a class of similarly aggrieved employees. *Id*. at 3. TEAM has not performed its obligations under the agreement. EEOC contends and demonstrates that in February 2025, it instead executed

an "insider asset purchase agreement" with its co-defendant Independent Staffing Solutions (ISS) to avoid liability. *Id.* at 7. In response, EEOC amended its complaint to add ISS, Dkt. 17. ISS filed for bankruptcy. *Id*. at 7–8; Dkt. 28. EEOC and ISS ultimately settled through a Consent Decree that expressly preserved EEOC's claims against R&SL, d/b/a TEAM. Dkt. 40 at 8–9 (citing Dkt. 36). EEOC has since sent TEAM requests for admission, asking it to admit that it did not pay more than $183,000 to Cruz and the class, under the agreement. TEAM did not respond.

EEOC moves for summary judgment, arguing it is entitled to judgment as a matter of law on its claim that TEAM breached the agreement and failed to pay the bulk of the agreed money. Dkt. 40. TEAM has not responded.

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is "no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248–50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251–52. The moving party bears the initial burden of showing that there is no evidence that supports an element

essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323–24.

R&SL, d/b/a TEAM has not responded to the motion and the time for doing so has long passed. Dkt. 40 (motion was noted for August 17, 2026). EEOC's Motion has merit, and it has met its summary judgment burden. For the reasons outlined in the motion, Dkt. 40, EEOC's motion is **GRANTED**.

EEOC shall forward a **PROPOSED JUDGMENT** as soon as practicable, but in any event, within 7 days.

**IT IS SO ORDERED**.

Dated this 6th day of October, 2026.

BENJAMIN H. SETTLE
United States District Judge